IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JESUS "JESSE" AYALA; DANA MARIE FEJARDO AYALA; JESUS "JESSE" GEORGE AYALA; KAYLA ARSENIA AYALA; and KASSIE LINDA AYALA,<br><br>                    Plaintiffs,<br><br>          v.<br><br>UNITED STATES OF AMERICA, GREGORY D. SWITZER, Assistant Field Officer Director for United States Immigration and Customs Enforcement, MARC A. WALKER, Deportation Officer for United States Immigration and Customs Enforcement, ERNESTO OZUNA, Immigration Enforcement Agent for United States Immigration and Customs Enforcement, BOYD G. BRIGGS, Immigration Enforcement Agent for United States Immigration and Customs Enforcement, FELIX C. CRUZ, Deportation Officer for United States Immigration and Customs Enforcement, BRIAN D. NYLAND, Deportation Officer for United States Immigration and Customs Enforcement, BLAINE COUNTY, a political subdivision of the State of Idaho, J.E. "WALT" FEMLING, Blaine County Sheriff, and BRYAN CARPITA, Sheriff's Deputy for Blaine County,<br><br>                    Defendants. | Case No.:  CV 09-14-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is a Motion to Dismiss (Docket No. 41) by Defendants

Blaine County, J.E. Femling, and Bryan Carpita ("Blaine County Defendants").

The Court has reviewed the parties' briefing and finds that oral argument is not

necessary.  For the following reasons, the Court will grant the Motion in part, deny

in part, and vacate the hearing set for January 21, 2010.

## BACKGROUND

This case arises from incidents that happened the night of September 15,

2007.  Plaintiffs have filed a Second Amended Complaint (Docket No. 27) alleging

constitutional violations, negligent supervision and retention, intentional and

negligent infliction of emotional distress, civil assault and battery, and false

imprisonment and arrest.  The Blaine County Defendants now seek to dismiss all

but the constitutional claims, for failure to state a claim on which relief can be

granted, and for failure to post bond, under FRCP 12(b)(6) and IC § 6-610(5),

respectively.

## ANALYSIS

**A.    Bond Required For State Law Claims**

Idaho law provides that, before a lawsuit is filed against any law

enforcement officer arising out of the officer's "performance of his duty," the

proposed plaintiff must file "a written undertaking with at least two (2) sufficient

**Memorandum Decision & Order - 2**

sureties in an amount to be fixed by the court." IC § 6-610(2).  Upon defendant's

objection to plaintiff's failure to post a bond, "the judge shall dismiss the case."  IC

§ 6-610(5).  Application of this law has been upheld by the courts as to state law

claims only.  *See Athay v. Stacey*, 146 Idaho 407, 196 P.3d 325 (2008); *Beehler v.

Fremont Cy.*, 145 Idaho 656, 182 P.3d 713 (Ct.App. 2008); *McCarthy v. Kootenai

Cy.*, 2009 WL 3823106 (D. Idaho 2009); *Stack v. Shoshone Cy.*, 2009 WL 2169885

(D. Idaho 2009).

A court may waive costs, fees and security for indigent parties upon

examination of an affidavit of indigence under IC § 31-3220.  *See Hyde v. Fisher*,

143 Idaho 782, 152 P.3d 653 (Ct.App. 2007).  However, Plaintiffs in this case have

not filed an affidavit, nor otherwise requested waiver of the bond requirement for

indigence.

The Court is unconvinced by Plaintiffs' argument that Defendants waived

the bond requirement by failing to raise the issue in Answer to the Complaint.  The

law provides that a defendant may object to the plaintiff's failure to file a bond

"[a]t any time during the course of [the] civil action."  IC § 6-610(4).  Further,

Defendants correctly state in their reply that Defendant Carpita has yet to file an

Answer, and Defendant Femling raised the bond issue as an affirmative defense in

his Answer (Docket No. 61).  Under IC § 6-610, the Court has no choice but to

**Memorandum Decision & Order - 3**

grant Defendants' Motion and dismiss Plaintiffs' state law claims as to the

Defendant law enforcement officers.

**B.    No Bond Required For Constitutional Claims**

There is no bond requirement for actions under 42 U.S.C. § 1983.  *Stack*,

2009 WL 2169885; *Urrizaga v. Twin Falls Cy.*, 106 Fed. Appx. 546, 549 n. 2

(2004); *see also Hyde v. Fisher*, 143 Idaho 782, 787, 152 P.3d 653 (Ct.App.

2007)("To impose a bond requirement under state law as a precondition to the

filing of an [action under federal law] would impermissibly burden the rights

protected by that federal statute.")  Defendants here does not seek to dismiss

Plaintiff's first claim for relief, brought under 42 U.S.C. § 1983.  However,

Defendant moves to dismiss Plaintiff's second claim for relief, which alleges

negligent supervision and retention.

This Court finds that Plaintiffs' second claim for relief is in essence a 42

U.S.C. § 1983 claim for deprivation of constitutional rights.  *See Plaintiff's*

*Opposition to Motion to Dismiss* (Docket No. 55) at 4 (arguing that improper

training and supervision of Deputy Carpita by Blaine County Defendants was a

violation of Plaintiffs' constitutional rights).  Plaintiffs in this case seek to hold the

local government Defendants liable for constitutional deprivations arising from

government practices, as in *Monell v. Dep't of Social Svcs. Of City of New York*,

436 U.S. 658, 98 S.Ct. 2018 (1978)(plaintiff's action taken under 42 U.S.C.

§ 1983).  Accordingly, Plaintiff's second claim for relief is exempt from the bond

requirement of IC § 6-610.

## C.  Rule 12(b)(6) and Claim for Negligent Supervision and Retention

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain

statement of the claim showing that the pleader is entitled to relief," in order to

"give the defendant fair notice of what the . . . claim is and the grounds upon which

it rests," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964

(2007).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not

need detailed factual allegations," it must set forth "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not

do." *Id*. at 555.  Only a complaint that states a plausible claim for relief survives a

motion to dismiss.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  "Determining

whether a complaint states a plausible claim for relief will . . . be a context-specific

task that requires the reviewing court to draw on its judicial experience and

common sense." *Id.*  A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged.  *Twombly*, 550 U.S. at 556.  The

plausibility standard is not akin to a "probability requirement," but it asks for more

**Memorandum Decision & Order - 5**

than a sheer possibility that a defendant has acted unlawfully.  *Id*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*. at 557.

The Court finds that Plaintiffs in this case have met the threshold for facial plausibility in their claim for negligent supervision and retention.  In alleging that Defendants failed "to ensure that proper search and seizure warrants were obtained," Plaintiffs provide more than mere labels and legal conclusions.  *Second Amended Complaint* (Docket No. 27) at 11.  Although the Complaint does not set forth detailed factual allegations in support of Plaintiffs' second claim for relief, such detail is not required.  *Twombly*, 550 U.S. at 555.  Accordingly, the Court will deny the Motion to Dismiss as to Plaintiff's second claim for relief.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Motion to Dismiss (Docket No. 41) by the Blaine County Defendants shall be, and the same is hereby, DENIED as to Plaintiff's second claim for relief, for negligent supervision and retention;

IT IS FURTHER ORDERED that the Motion (Docket No. 41) is hereby GRANTED as to the remaining state law claims;

**Memorandum Decision & Order - 6**

IT IS FURTHER ORDERED that the motion hearing set for January 21, 2010 is hereby VACATED.

DATED:  **January 19, 2010**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision & Order - 7**